[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Between September 3, 1987 and October 30, 1987, the plaintiff rendered medical and related services to the defendant Sharon at Middlesex Memorial Hospital at her request. The bill totaled $21,093. The medical insurance paid $3,895, leaving a balance of $17,198.
On April 28, 1987, the defendant Bernie brought a complaint against the defendant Sharon claiming a dissolution of the marriage.
On June 17, 1987, the parties stipulated, inter alia, that the defendant Bernie had temporary custody of their two minor children and temporary alimony of $20 per week. The court issued orders in accordance with the stipulation.
On October 20, 1987, the court entered judgment. The court ordered the defendant Bernie to pay $40 per week alimony.
The defendant Bernie raised a special defense pursuant to C.G.S. Sec. 46b-37(c):
"No action may be maintained against either spouse under the provisions of this section, either during or after any period of separation from the other spouse, for any liability incurred by the other spouse during the separation, if, during the separation the spouse who is liable for support of the other spouse has provided the other spouse with reasonable support." CT Page 3490
The plaintiff raises several questions as to Sec. 46(b)37 (c): the support of $20 per week was unreasonable; their separation came after the plaintiff's bill was incurred; and the defendant Bernie didn't pay alimony.
The financial affidavits of the defendant Bernie shows the alimony award was reasonable. He was inundated with medical bills and the children were living with him.
The court finds that their separation occurred before September 3, 1987.
The defendant Bernie testified that he paid alimony every week. The plaintiff did not present testimony to the contrary. The court finds that he paid alimony every week.
The court enters judgment for the defendant Bernie Guillemette.
EDELBERG, STATE TRIAL REFEREE.
Judgment entered in accordance with the foregoing memorandum of decision.